UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:20 CR 642 RWS (NCC) |
|  | ) |  |
| MARC HAROLD TAYLOR, III, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and John T Davis, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Grounds for Detention**

1. The defendant is charged in Counts I - III with felony offenses involving destructive devices as defined in Title 18, United States Code, Section 921. *See* 18 U.S.C. § 3142(f)(1)(E).

**The Nature and Circumstances of the Offense**

2. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a firearm.

1

In this case, the offense involves a short-barreled machine gun and a homemade cannon device. (Attached photographs #1 & #2 respectively)

3. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has examined both items and determined them to be "destructive devices" as defined by the United States Code. Because the three offenses with which the defendant is charged involve a firearm and a destructive device, the first of the § 3142(g) factors weighs in favor of detention (the offense involves a firearm or destructive device).

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

5. The weight of the evidence against defendant is substantial, and is a factor weighing in favor of detention. St Louis police officers were dispatched to the 4700 block of Kossuth Avenue for a report of a man firing a gun in the street. When officers arrived at the scene, the defendant began firing at them with an automatic machine gun. Police subdued the defendant by returning fire with a shotgun. When police were able to apprehend the defendant, the machine gun he was firing at them was lying at his feet. Officers located the other destructive device, a homemade cannon, in the defendant's home.

6. ATF examined both items and determined them to be "destructive devices" as defined by the United States Code. ATF test fired the machine gun and confirmed it fired 9mm ammunition in a fully automatic fashion. ATF also determined the barrel of the machine gun had been shortened to less than 16 inches.

7. Further, the ATF conducted a search of the National Firearms Registration and Transfer Record and failed to find any registration by defendant Taylor.

### The History and Characteristics of the Defendant

8. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

9. While the defendant has established roots in the community, the other factors this Court is to consider pursuant to Section 3142(g)(3)(A) weigh against his release in this case.

10. The defendant has a significant past history of mental health issues, alcohol and narcotics abuse and dependency.

11. A search of United States Army records reflect defendant Taylor's discharge from military service for continued serious mental issues and drug and alcohol abuse. The records reflect that as recently as late 2017, defendant Taylor was hospitalized for alcohol and substance abuse as well as demonstrating suicidal and homicidal ideations.

12. The history and characteristics of the defendant, especially given the nature of the offenses charged, weigh heavily in favor of detention to ensure the safety of the community.

### The Nature and Seriousness of the Danger to the Community

13. The defendant was found in possession of a fully functioning machine gun and a homemade destructive device resembling a cannon. By firing upon arriving police officers, the defendant has demonstrated that the safety of the community would be at risk if he were to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

14. Having been charged with three offenses, each that carry penalties of up to ten years incarceration, the defendant is a flight risk as he has incentive to flee.

### Conclusion

15. The government submits that when considering all of the factors outlined in Title 18, United States Code, Section 3142(g), the factors weigh heavily in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 s/John T Davis
JOHN T DAVIS
Assistant United States Attorney